## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLYWINE LLC, a Pennsylvania Limited Liability Company, <br><br> *Plaintiff,* <br><br> v. <br><br> KSWCO LLC, a Delaware Limited Liability Company, SALKEDS LLC, a Delaware Limited Liability Company, THE NATIONAL WINE SCHOOL LLC, a Pennsylvania Limited Liability Company, ALANA ZERBE, an individual, and KEITH WALLACE, an individual, d/b/a Wine School of Philadelphia, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. _____ |

## COMPLAINT

Plaintiff PhillyWine LLC ("PhillyWine" or "Plaintiff"), through its attorneys, hereby files this Complaint against KSWCO LLC, SALKEDS LLC, THE NATIONAL WINE SCHOOL LLC, ALANA ZERBE and KEITH WALLACE d/b/a Wine School of Philadelphia (together, "Defendants") and respectfully alleges as follows:

### INTRODUCTION

1.      Plaintiff PhillyWine LLC, a beloved wine school in Philadelphia for beginners and experts alike, recently began experiencing malicious attacks intended to disrupt its business that continue to this day. Plaintiff and its predecessor-in-interest were an integral and respected part of the wine education community in Philadelphia for decades. Suddenly one man, Defendant Keith Wallace, his wife Alana Zerbe and his interrelated entities, Defendants KSWCO LLC, SALKEDS LLC, and THE NATIONAL WINE SCHOOL LLC, have made it their mission to destroy

Plaintiff's business by attempting to erase its existence and take over its name and inflict personal harm on Plaintiff's individual owners.

2.    Defendants own and operate a school called the Wine School of Philadelphia, which has never been affiliated with PhillyWine, and which claims to provide professional certifications. However, the business is illegitimate and its "certifications" are not recognized within the industry. Defendants have gone to extreme lengths to inflate their credibility via numerous false advertising and other deceptive trade practices in order to mislead and divert consumers from Plaintiff and other reputable wine schools.

3.    Defendants' Wine School of Philadelphia and Plaintiff's PhillyWine coexisted for over two decades (since approximately 2001), although not always peacefully. However, during most of that time, Defendants never sought to interrupt and destroy Plaintiff's business in the way they are doing now—through the fraudulent procurement of a trademark registration that has allowed Defendants to masquerade under Plaintiff's valuable PhillyWine name and trademark, and to shut down and/or take over Plaintiff's social media and Internet platforms, in order to prevent Plaintiff's consumers from finding and contacting Plaintiff, and to disrupt Plaintiff's dissemination of course and scheduling information to prospective and actual consumers.

4.    Defendants began their recent drastic attacks on Plaintiff after fraudulently obtaining a federal trademark registration for the mark PHILLY WINE SCHOOL, which the United States Patent and Trademark Office (USPTO) issued on December 9, 2025. Defendants quickly used this registration to try to erase Plaintiff from the Internet—filing a complaint with Instagram to take down its account, attempting to take over its Google Business account, and to take down its Squarespace website.

5.    Defendants are now infringing Plaintiff's trademark rights and attempting to pass themselves off as PhillyWine, all while seeking to destroy or erase PhillyWine's history and its very existence.

6.    These attacks must end, and Plaintiff must be allowed to resume its business under normal conditions without further harassment.

## NATURE OF ACTION

7.    Plaintiff asserts the following causes of action: (i) trademark infringement in violation of 15 U.S.C. § 1125(a); (ii) the use of false designations of origin and false and misleading descriptions and representations in violation of 15 U.S.C. § 1125(a); (iii) cancellation of U.S. trademark registration no. 8055977 for PHILLY WINE SCHOOL based on prior common law rights; (iv) cancellation of U.S. trademark registration no. 8055977 for PHILLY WINE SCHOOL based on fraud on the United States Patent and Trademark Office; (v) false advertising in violation of 15 U.S.C. § 1125(a); (vi) trademark infringement and unfair competition in violation of Pennsylvania statutory law, namely, 54 PA. C.S. § 1123; (vii) trademark infringement and unfair competition in violation of Pennsylvania common law; (xiii) tortious interference with existing and prospective contractual relations under Pennsylvania common law; (ix) commercial disparagement under Pennsylvania common law; and (x) civil conspiracy under Pennsylvania common law, all arising out of Defendants' attempt to hijack Plaintiff's intellectual property rights and shut down its decades-long business.

## PARTIES

8.    Plaintiff PhillyWine LLC is a Pennsylvania limited liability company with its registered business address at 1335 Beaumont Drive, Gladwyne, Pennsylvania 19035.

9.    Defendant KSWCO LLC is a Delaware limited liability company with its principal place of business at 109 S 22nd Street, Philadelphia, Pennsylvania 19103.

10.    Defendant SALKEDS LLC d/b/a National Wine School is a Delaware limited liability company with its principal place of business at 109 S 22nd Street, Philadelphia, Pennsylvania 19103.

11.    Defendant THE NATIONAL WINE SCHOOL LLC is a Pennsylvania limited liability company with its registered business address at 1602 Kater Street, Philadelphia, Pennsylvania 19146.

12.    Defendant Keith Wallace is an individual believed to be residing at 51 W Gowen Avenue, Philadelphia, Pennsylvania 19119. Keith Wallace is both doing business as, and is the owner and operator of, the Wine School of Philadelphia, which has a principal place of business at 109 S 22nd Street, Philadelphia, Pennsylvania 19130. Upon information and belief, Keith Wallace also owns and operates websites posted at https://www.somm.us ("SOMM") and https://www.vinology.com ("vinology.com").

13.    Defendant Alana Zerbe is an individual believed to be residing at 51 W Gowen Avenue, Philadelphia, Pennsylvania 19119. She is the wife of Defendant Keith Wallace and she serves as the Director of Wine Education at the Wine School of Philadelphia.

14.    As the owner and/or operator of each of KSWCO LLC, SALKEDS LLC, THE NATIONAL WINE SCHOOL LLC, Wine School of Philadelphia, SOMM, and vinology.com, Defendant Keith Wallace is personally directing and overseeing the unlawful activity engaged in by each of those parties, as described below. Moreover, as the Director of Wine Education at the Wine School of Philadelphia, and as Keith Wallace's wife, on information and belief, Defendant

Alana Zerbe is working with Defendant Keith Wallace to perpetrate the unlawful activity described below, and she is also personally involved in directing that unlawful activity.

## JURISDICTION AND VENUE

15.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b), because the claims present federal questions arising under the Lanham Act, 15 U.S.C. § 1121, trademark infringement of a common law trademark and federal unfair competition pursuant to 15 U.S.C. § 1125(a).

16.     The Court has supplemental jurisdiction over the claims arising under the laws of the Commonwealth of Pennsylvania, pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

17.     This Court has personal jurisdiction over the Defendants because, *inter alia*, they (i) are residents of, or do business in, the Commonwealth of Pennsylvania; (ii) committed tortious actions within, and directed to, this Commonwealth; (iii) purposefully directed improper and unlawful activity at this Commonwealth by marketing and/or selling counterfeiting services in Pennsylvania; and/or (iv) caused injury to Plaintiff in Pennsylvania.

18.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred and are occurring in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### Plaintiff's Services and Relevant Intellectual Property

19.     PhillyWine offers beginner, intermediate, advanced, and expert coursework in wine through online and in-person classes. Its curriculum includes structured lessons and tasting practice that prepare students for examinations administered according to Wine & Spirits Education Trust ("WSET") standards. PhillyWine emphasizes small class sizes and experienced

educators, and it serves both novice learners and professionals pursuing WSET wine credentials (the "PhillyWine Services").

20.    The PhillyWine name and brand dates back to the late 1990s, when it was created by Neal Ewing, as described below. *See* Declaration of Neal Ewing ("Ewing Decl."), attached as **Exhibit 1**, ¶ 7. In 2022, by Noelle Allen and her business partner Dr. Matt Kirkland acquired all right, title and interest in and to the PhillyWine business from Ewing, including all of its intellectual property rights, the trademarks PHILLYWINE and PHILLYWINE.COM, the designation "the Philly Wine School," and all goodwill associated therewith and symbolized thereby (collectively, the "PhillyWine Marks"). *Id.* ¶¶ 3, 9. PhillyWine is the only wine school in Philadelphia to be associated with and accredited by WSET to offer its beginner-through-expert wine education courses and examinations. *Id.* ¶ 8.

21.    Founded in 1969, WSET is a globally recognized organization that creates standardized wine, spirits, and sake education and certification programs. *See* **Exhibit** 1, Ewing Decl., **Exhibit A**. Notably, WSET does not teach students directly; instead, it licenses approved organizations to deliver its courses. **Exhibit** 1, Ewing Decl. ¶ 4. An Approved Program Provider (APP) is an organization that has been formally approved by WSET to deliver WSET courses and exams. *See* **Exhibit** 1, Ewing Decl., **Exhibit B**. To become and remain an APP, providers undergo a rigorous approval and monitoring process to ensure they meet and maintain WSET's standards, which typically include: (1) completion of WSET's Educator Training Program; (2) appropriate venues for course delivery and examination; (3) APP policies and procedures that complement WSET policies and procedures; and (4) staff planning. *Id.* The APP designation is critical as it means that the certifications bestowed by WSET are legitimate and recognized globally, and that students will earn WSET credentials upon completion of the PhillyWine program.

22.    WSET courses began to be offered in the United States in approximately 1993 in New York City. **Exhibit 1**, Ewing Decl. ¶ 5.

23.    Despite Philadelphia's deep culinary history, structured wine education for consumers and trade professionals at the time was limited, and many so-called "wine experts" lacked any credentials—or the ready opportunity to earn them. *Id.* ¶ 6. As such, Ewing created PhillyWine with a clear mission: to make serious wine education accessible in Philadelphia and the surrounding region, as it was in New York City.

24.    In 1999, PhillyWine became an Approved Program Provider for WSET, meaning that PhillyWine was (and remains) authorized to offer WSET courses, deliver WSET curriculum, administer WSET exams, and function as the "delivery partner" for WSET. *Id.* ¶ 7; *see also* **Exhibit 2** for email correspondence and Ewing's LinkedIn profile.

25.    In August 2001, Ewing registered the domain name phillywine.com. *See* **Exhibit 1**, Ewing Decl., **Exhibit C.** Since 2001, the domain name phillywine.com has hosted PhillyWine's primary website which provides general information about PhillyWine, its wine school offerings and WSET courses, and its staff. *See* **Exhibit 1**, Ewing Decl., **Exhibit D.** The phillywine.com domain name is also used for all of PhillyWine's official email addresses. **Exhibit 1**, Ewing Decl. ¶ 7.

26.    Under Ewing's stewardship, the PhillyWine program became one of the longest standing WSET education presences in the United States, reflecting decades of operation in the Philadelphia wine education landscape. **Exhibit 1**, Ewing Decl. ¶ 8. Throughout the late 1990s and early 2000s, PhillyWine become a foundational presence in the Philadelphia wine and wine education community. *Id*; *see also* Philadelphia *Inquirer* articles on local wine class offerings attached as **Exhibit 3**. PhillyWine is the oldest wine school in Philadelphia, one of the oldest

WSET course providers in the United States, and the only WSET course provider within the city of Philadelphia. *Id.*; *see* **Exhibit 1**, Ewing Decl., **Exhibit E.** PhillyWine school programs have expanded to include structured courses, guided tastings, and thematic seminars that reflected both Old World traditions and emerging New World regions. **Exhibit 1**, Ewing Decl. ¶ 9. As a result, the PhillyWine name and PhillyWine Marks have become associated with high quality, wine education services. *Id.* PhillyWine's early commitment to accessibility, seriousness of purpose, and respect for wine as a cultural artifact laid the groundwork for modern wine school education in the Philadelphia area. *Id.*

27.    In 2022, Ewing retired and transferred and assigned all of his rights in and to the entire PhillyWine business, including, but not limited to, all rights and goodwill in the PhillyWine Marks, to the current owners Noelle Allen and Dr. Matt Kirkland in exchange for their assumption all of the liabilities and obligations of the PhillyWine business, including in particular, fulfilling existing bookings for PhillyWine school courses and maintaining the opportunity for PhillyWine students to stay on track to achieve their certifications from WSET. *Id.* ¶ 9. The rights that Ewing transferred and assigned to Allen and Kirkland included the PhillyWine Marks and all other PhillyWine intellectual property, including, but not limited to, the PhillyWine.com domain name. *Id.*

28.    On May 26, 2022, Allen and Kirkland formed PhillyWine, LLC as a Pennsylvania limited liability company to assume control and continue operation of the PhillyWine business. Screenshots of the Philadelphia Department of State website are attached as **Exhibit 4**. Under its current ownership, PhillyWine remains an esteemed delivery partner for WSET coursework and functions as a trusted pipeline to industry-respected WSET credentials as it has done for decades.

29.     PhillyWine has established extensive connections within the wine industry, and PhillyWine's courses regularly incorporate visiting winemakers from wine making regions of the United States and other countries such as France, Italy, Spain, Chile, and Argentina.

30.     In October 2025, PhillyWine partnered with Drexel University in Philadelphia to offer wine education courses through its Goodwin College of Professional Studies. Classes are slated to begin in February 2026 (this past week).

31.     PhillyWine has also partnered with other universities, including James Madison University in Harrisonburg, Virginia, and Northampton Community College in Bethlehem, Pennsylvania, along with its satellite locations. In addition, PhillyWine has partnered with the Wharton Wine Club, offering wine education courses and supporting the Wharton Wine Club blind tasting competition teams.

32.     With its decades of continuous existence and prominent use of the PhillyWine Marks, PhillyWine has developed invaluable name-recognition and goodwill throughout the entire oenophile community in and around Philadelphia, and has become an industry stalwart in assisting students in achieving the well-respected WSET credentials for professional employment, which are trusted by top brands, including Palm Bay International and Starr Restaurant Group. Copies of the phillywine.com homepage are attached as **Exhibit 5**.

33.     PhillyWine and its predecessor-in-interest have used the PhillyWine Marks continuously and exclusively for almost thirty years, if not longer, and have earned millions of dollars under those marks, and have spent hundreds of thousands of dollars in advertising to promote the PhillyWine Services under the PhillyWine Marks over all of those years. Over the course of its decades in business, on information and belief, PhillyWine has amassed a base of over 5,600 current and former students. As a result of this extensive exclusive use, PhillyWine has

developed considerable consumer goodwill, recognition and common-law rights in the PhillyWine Marks for the PhillyWine Services. Particularly within Philadelphia, but also far beyond it, the PhillyWine Marks are entitled to strong common-law protection and have achieved substantial consumer recognition by virtue of their longstanding and extensive use and promotion in the marketplace.

34.    PhillyWine has promoted the PhillyWine Services on the Internet, through its continued use of its website at the domain phillywine.com as well as through social media, including its handle on Instagram @PhillyWineSchool, which is currently suspended as a result of Defendants' unlawful actions described below. As noted above, the PhillyWine.com domain name was registered in 2001; for nearly 25 years, consumers seeking out information on the PhillyWine Services would type "phillywine" or "Philly Wine" into a search engine or "phillywine.com" into an address bar, and would be directed to one organization,  PhillyWine, evidencing its continuous and exclusive use of the PhillyWine Marks for decades. Further, consumers searching online directories for "phillywine" or "Philly Wine" would similarly be led to PhillyWine's physical address on a map. On August 25, 2022, PhillyWine expanded its online footprint by creating the Instagram handle @PhillyWineSchool, where it promoted class enrollment, curated a community of students and wine aficionados, and provided updates on upcoming courses and other events. PhillyWine would have registered the Instagram handle @PhillyWine, but that handle was not available because Defendant Keith Wallace registered it; in fact, Wallace expressly told Allen that he preemptively registered that handle to antagonize Plaintiff's predecessor-in-interest Ewing, who did not use Instagram, so that people who looked for Ewing's PhillyWine would find Wallace instead.

35.     Prior to its suspension, PhillyWine posted regularly on its @PhillyWineSchool Instagram account to reach its students, who relied on the account for their course and event updates. However, within the past two months, Instagram suspended that handle and it is now unavailable to PhillyWine or its students and potential students as a result of Defendants submitting a complaint to Instagram based on their fraudulently obtained trademark registration, as discussed below. Finally, on October 24, 2023, PhillyWine registered the domain name phillywineschool.com, which redirects to PhillyWine's website at phillywine.com.

36.     The PhillyWine Marks are distinctive designations of the source of origin of the PhillyWine Services. While PhillyWine maintains that these marks are distinctive, to the extent any court would ever find that "PhillyWine" or the other PhillyWine Marks are descriptive, then PhillyWine has earned and developed acquired distinctiveness by virtue of its decades-long extensive and exclusive use of the PhillyWine Marks, together with its other indicia of secondary meaning. More specifically, this secondary meaning is evidenced by the following: (i) PhillyWine has earned millions of dollars in revenue which, on information and belief, exceeds four or five million dollars; (ii) PhillyWine has spent hundreds of thousands of dollars on advertising to consumers; (iii) PhillyWine has made many thousands of sales of its standard classes to students, which numbers on information and belief exceed twenty or thirty thousand sales once PhillyWine includes all of its various categories of services, including wine tastings, wine and food pairings, combined lectures and tastings given by wine producers, one-off classes with a particular or seasonal focus, and/or other special events—all of which are open to the public and not limited to PhillyWine's students; (iv) PhillyWine has enrolled and taught over 5,600 students through its various WSET courses, which numbers again are primarily focused on PhillyWine's core or standard wine curriculum classes but do not include tastings, one-off classes and other special

events; (v) PhillyWine's actual and potential customers and its contacts in the city's wine community will testify under oath as to PhillyWine's longstanding and exclusive use of the PhillyWine Marks dating back to the 1990s; (vi) PhillyWine used the PhillyWine Marks from 1999 onward for at least twenty-six years; (vii) Keith Wallace has copied PhillyWine's PhillyWine Marks, with only the addition of the generic word "school;" (viii) PhillyWine's PhillyWine Marks have been copied by Keith Wallace in order to divert actual and prospective customers and steal the consumer goodwill that PhillyWine has built, as discussed in detail below; and (ix) there has been actual consumer confusion in the wake of Keith Wallace's Disruptive Conduct (defined below), which is likely to continue, and to continue to escalate, in the absence of intervention.

37.    The PhillyWine Marks are uniquely and exclusively associated with PhillyWine and its high-quality services. These marks are an asset of incalculable value as symbols of PhillyWine, its quality services and its goodwill, and the reason that Defendants are attempting to misappropriate them.

**DEFENDANTS' INFRINGEMENT OF THE PHILLYWINE MARKS**

38.    Defendant Keith Wallace has promoted himself as an American wine educator, author, journalist, professional winemaker, graduate of the UC Davis viticulture and enology program, and wine professional, who is known as the founder of the National Wine School ("NWS"), as well as of the Wine School of Philadelphia, which exclusively administers NWS curriculum and certification.  Copies of current and archived webpages from the vinology.com website are attached as **Exhibit 6**.

39.    It was around August 2002 that Keith Wallace began offering wine classes under the name Wine School of Philadelphia at winelust.com. Keith Wallace then registered the domain name vinology.com on September 7, 2002. However, until approximately June 2004, the website

displayed "under construction" language promising to have a website for wine enthusiasts by the final quarter of 2003. Winelust.com subsequently redirected to vinology.com. Domain name registration records and archived webpages of winelust.com and vinology.com are attached as **Exhibit 7**. Notably, there is no mention of "Philly Wine School" on vinology.com until late *2024*, when Defendants apparently began their efforts to misappropriate the PhillyWine Marks by fraudulently filing for a federal trademark registration.

40.    But Defendants, and Keith Wallace in particular, have long been aware of the existence of PhillyWine and the PhillyWine Marks, seeing as the community of wine lovers in and around Philadelphia is relatively small and tight-knit, with the community of those who regularly offer and teach wine classes being even smaller.

41.    Defendants knew of PhillyWine and the PhillyWine Marks before filing their trademark application to register PHILLY WINE SCHOOL. For example, in 2019, Keith Wallace had received a letter from WSET's legal counsel requesting he cease use of its intellectual property on a page comparing the Wine School of Philadelphia with PhillyWine at vinology.com/wset-philly. In response to that letter, Wallace updated the webpage at vinology.com/wset-philly to make clear he has no affiliation with WSET or PhillyWine. The webpage blatantly declares, "We are Vinology.com not Phillywine.com." A copy of the webpage at vinology.com/wset-philly is attached as **Exhibit 8**. As discussed below, however, Keith Wallace deleted that webpage in only the past week or so in order to hide his tracks and destroy express evidence of his knowledge of PhillyWine, and his prior attempt to clearly delineate between PhillyWine and the Wine School of Philadelphia.

42.    Similarly, Philadelphia's preeminent local magazine—PhillyMag—wrote an article in December 2022 identifying and comparing the offerings of local wine education

businesses, which expressly referenced both the Wine School of Philadelphia and its owner, Keith Wallace, and PhillyWine, among other local wine establishments. Copies of the phillymag.com article and Keith Wallace's Instagram post sharing that article are attached as **Exhibit 9**.

43.    Despite Keith Wallace's clear and obvious knowledge of PhillyWine, on November 23, 2024, Defendant KSWCO LLC prepared and filed a trademark application with the United States Patent and Trademark Office ("USPTO"), which was signed by the company's owner, Keith Wallace. Specifically, U.S. Trademark Application Serial Number 98/869,526 sought to register the mark PHILLY WINE SCHOOL (the "Infringing Philly Wine School Mark") for "Educational services, namely, conducting courses in the fields of food and wine and distribution of training materials in connection therewith" in Class 41 (the "Fraudulent Application"). That application claimed a first use date of August 15, 2016. The submitted specimen was a screenshot from a subpage of the Wine School of Philadelphia's website at vinology.com; the image was dated the same day that the application was filed. Copies of the Fraudulent Application and its accompanying specimen are attached as **Exhibit 10**.

44.    The Infringing Philly Wine School Mark was not present on vinology.com prior to November 23, 2024 – the filing date of the application and the time stamp on the submitted specimen – and the mark did not appear on the main portion of the vinology.com website until December 3, 2024, which shows that the alleged date of first use (August 15, 2016) is false. Copies of relevant archived webpages from vinology.com are attached as **Exhibit 11**.

45.    In filing the Fraudulent Application, Keith Wallace signed a statement falsely and fraudulently declaring to "the best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use [the Infringing Philly Wine School Mark] in commerce, either in the identical form or in such near resemblance as to be likely, when used on

or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive." **Exhibit 10**, at 2.

46.     Keith Wallace signed the application and falsely attested to this statement despite his clear and unequivocal knowledge of PhillyWine and the PhillyWine Marks dating back decades. Even if Keith Wallace did not have knowledge dating back decades, though PhillyWine believes he did, his awareness of PhillyWine dates back to at least 2019, when he received the letter from WSET, and December 2022, when a PhillyMag article compared the wine education services offered by PhillyWine and the Wine School of Philadelphia, and Keith Wallace posted that article on his Instagram page as discussed above. **Exhibit 9.**

47.     On July 28, 2025, the USPTO issued a non-final Office Action for the Fraudulent Application that, in part, refused registration of the mark on grounds that it was geographically and merely descriptive. If Keith Wallace wanted the mark on the Principal Register, Keith Wallace would need to "(1) submit actual evidence that the mark has acquired distinctiveness of the goods and/or services, (2) claim ownership of an active prior U.S. registration for the same mark for sufficiently similar goods and/or services, or (3) provide the following verified statement of five years' use: 'The mark has become distinctive of the goods and/or services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least five years immediately before the date of this statement.' *See* 15 U.S.C. §1052(f); 37 C.F.R. §2.41(a); TMEP §§1212.03-.06 *et seq.*" A copy of the Office Action is attached as **Exhibit 12**.

48.     In response, Keith Wallace falsely and fraudulently attested to the following statements: "The mark has become distinctive of the services through Applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date

of this statement" and "The applied-for mark has acquired distinctiveness in the marketplace through nearly two decades of continuous use, extensive consumer exposure, independent press recognition, and substantially exclusive use." Copies of the Office Action Response and corresponding exhibits are attached as **Exhibit 13**. As discussed in the preceding paragraphs, Keith Wallace cannot possibly prove *any* use by him or any of his companies of the Infringing Philly Wine School Mark at any time before late 2024—much less that any such use was "exclusive and continuous," had lasted "for at least five years," or constituted "two decades of continuous use." Rather, Wallace was well aware of PhillyWine's prior and exclusive use of the PhillyWine Marks dating back at least to at least the early 2000s, and the evidence shows that his "use" only began in late 2024. **Exhibit 11**.

49.     As support for his false statements, Keith Wallace first provided what he claimed were articles from "independent third-party press," including the website somm.us and Chicago Wine and Sommelier School. In reality, these entities are *not* independent third parties, and the other "articles" are mere blog posts or instructor information pages, and/or appear to be manipulated. For example, as discussed further below, somm.us is developed and operated by Keith Wallace himself, meanwhile the Chicago Wine and Sommelier School was founded by former students of Keith Wallace's Wine School of Philadelphia, who were also collaborators in developing a curriculum for Keith Wallace's National Wine School. Copies of the "About The Wine School" webpage for Chicago Wine and Sommelier School are attached as **Exhibit 14**.

50.     As evidence of "continuous" use, Keith Wallace provided "website evidence" which he characterized as:

> …screenshots from Applicant's official website, vinology.com, show[ing] the applied-for mark "Philly Wine School" prominently displayed in connection with wine education services. The mark appears in page headings, logos, and course

descriptions, directly associated with ticketed class offerings. This demonstrates continuous commercial use of the mark as a source identifier.

**Exhibit 13** at 12. Yet, none of these screenshots are dated and Internet Archive pages of vinology.com confirm that there was no use of the Infringing Philly Wine School Mark on the website prior to November 2024, which falls far short of the required five years of continuous use required for a claim of acquired distinctiveness.

51.    To support a claim of "exclusive" use, Keith Wallace provided a number of screenshots of purported Google and Bing searches that were captured August 30, 2025.

52.    Keith Wallace also provided screenshots of enrollment and revenue records purporting to evidence "widespread and continuous consumer exposure to the mark." However, none of the images depict the Infringing Philly Wine School Mark; the only visible name in these images is "Wine School of Philadelphia."

53.    Finally, Keith Wallace included several documents labeled "consumer recognition declaration" which were "signed under penalty of perjury" as evidence that consumers connect the Infringing Philly Wine School Mark only with the services provided by KSWCO LLC. However, upon information and belief, each and every one of those declarations was "signed" by an individual who previously took wine classes as the Wine School of Philadelphia, such that they are not neutral, independent third parties, but were instead current and/or former students of Keith Wallace. Moreover, the declarations were "signed" only by the electronic addition of slashes around the person's name, such that it is unclear whether those individuals actually reviewed and approved the declarations and granted authorization to use their signatures. Either way, these "declarations" are hardly the type of neutral, independent, third-party evidence upon which a court would reasonably rely to hold that an alleged trademark owner had established acquired distinctiveness.

54.     The multiple misrepresentations made by Keith Wallace to the USPTO were material to the USPTO's decision to issue a registration for the Infringing Philly Wine School Mark. Indeed, the misrepresentations contained in Mr. Wallace's § 2(f) declaration were in response to the USPTO's refusal to register the Infringing Philly Wine School Mark, and thus cannot be characterized as anything but material. Moreover, the USPTO clearly relied on Mr. Wallace's false statements and evidence in deciding to issue the registration certificate for the Infringing Philly Wine School Mark.

55.     Following his fraudulent statements and evidence filed with the USPTO, Keith Wallace was granted a registration certificate for the Infringing Philly Wine School Mark on December 9, 2025 (the "Fraudulent Registration"). A copy of the registration certificate is attached as **Exhibit 15**.

56.     Keith Wallace, armed with the Fraudulent Registration, immediately used that document to inflict cyberbullying on PhillyWine in an attempt to disrupt its business and its owners' personal lives, seeking to bully PhillyWine out of the wine education market after decades of existence so that Defendants could assume control of the extremely valuable PhillyWine Marks.

57.     On or around December 18, 2025, Wallace first sought to cut off PhillyWine's access to its @PhillyWineSchool Instagram account by submitting a trademark infringement complaint to Instagram citing the Fraudulent Registration as evidence of Wallace's purported rights. The account was taken offline and remains so, causing PhillyWine to lose access to its entire history of posts on Instagram, as well as all of its followers, which in itself is an irreparable injury—but this has also caused substantial economic and reputational damage, consumer confusion for PhillyWine's students and business partners, and has impaired PhillyWine's ability

to honor its contractual obligations to third parties. A copy of the email PhillyWine received from Instagram regarding the suspension of its account is attached as **Exhibit 16**.

58.     Since then, Keith Wallace has continued and escalated his disturbing and disruptive conduct by: (i) making numerous knowingly false and disparaging statements about PhillyWine in social media and in other mediums, including contradictory comments that PhillyWine is no longer in operation; (ii) attempting to take over the Google Business account for PhillyWine; (iii) submitting a takedown notice to SquareSpace, the hosting provider for the PhillyWine website; and (iv) mass emailing customers and the Philadelphia wine community claiming that "PHILLY WINE SCHOOL" was nominated to be a top "trade/technical school" in Philadelphia for the Philadelphia Inquirer's Philly Favorite Awards (collectively, the "Disruptive Conduct"). Screenshots of examples of the Disruptive Conduct are attached as **Exhibit 17**.

59.     Keith Wallace's use of the Infringing Philly Wine School Mark has infringed and continues to infringe PhillyWine's rights in the PhillyWine Marks.

60.     Keith Wallace now promotes his competing wine education services with the Infringing Philly Wine School Mark on the Wine School of Philadelphia website at vinology.com. The Infringing Philly Wine School Mark is currently displayed on a subpage and at the bottom website banner, as shown below and attached as **Exhibit 11**:



61.    Moreover, Keith Wallace has edited and deleted pages from his Wine School of Philadelphia website vinology.com in an attempt to conceal his own prior acknowledgement of the distinction between his business and that of PhillyWine—including the fact that he himself had unequivocally declared that he is not affiliated with PhillyWine. See **Exhibit 8** for a copy of a webpage at vinology.com/wset-philly, that until recently declared, "We are Vinology.com not Phillywine.com." Despite this page being available for at least five years, Keith Wallace deleted it in February 2026 in an attempt to conceal evidence that Keith Wallace knows that there is a clear

distinction between the Wine School of Philadelphia and PhillyWine. A copy of vinology.com/wset-philly as of February 15, 2026, is attached as **Exhibit 18**. Because Keith Wallace further updated that website in only the past week to again include a prominent disclaimer as to the Wine School of Philadelphia's non-affiliation with WSET (which most recent version notably *lacks* any disclaimer that he is not affiliated with PhillyWine), Plaintiff also includes within **Exhibit 18** a copy of that same webpage as it appeared on February 24, 2026.

62.    Over the last few weeks, Keith Wallace has continued to dramatically escalate his attacks against PhillyWine and efforts to disrupt its business, including by posting on Facebook a prominent, false source-indicating use of the mark PHILLY WINE, and posting physical signage outside of the Wine School of Philadelphia identifying that organization prominently by the name PHILLY WINE SCHOOL, both as shown below:





63.    Keith Wallace also registered and is using the @PhillyWine handle on Instagram to promote his Wine School of Philadelphia business and create further confusion between his business and PhillyWine.  In fact, Wallace has previously acknowledged to Allen that he registered this account just to antagonize Neal Ewing, which again demonstrates Wallace's knowledge of the PhillyWine Marks and his willful infringement of them. Following her husband's lead, Defendant Alana Zerbe registered and is using the @PhillyWineInstructor handle on Instagram for the very same purpose, even though she has never been associated with PhillyWine in any way, and she serves as the Director of Wine Education for the Wine School of Philadelphia. A screenshot of Zerbe's Instagram account is attached as **Exhibit 19**.

64.     Keith Wallace is also now advertising classes under the name "Philly Wine School" on a website and in a newsletter featuring local wine events. These event listings are causing consumer confusion as to whether those events are being offered by PhillyWine or the Wine School of Philadelphia. Screenshots of event listings on localwineevents.com and an email evidencing consumer confusion are attached as **Exhibit 20**.

65.     As a result of Defendant Keith Wallace's registration and use of the @PhillyWine Instagram handle, on information and belief, PhillyWine's own current, former, and prospective future students have been deceived into believing that the @PhillyWine account is associated with PhillyWine, and have liked and engaged with posts on that account under the mistaken belief that they are supporting or interacting with PhillyWine. Wallace's misappropriation of the PhillyWine Marks is actively diverting PhillyWine's existing customer relationships and potential future business to Wallace and the Wine School of Philadelphia. This confusion is ongoing and is causing irreparable harm to PhillyWine's goodwill and customer relationships.

66.     In the wake of the December 18, 2025 Instagram suspension, PhillyWine has been forced to undertake an extensive personal outreach campaign to current students, former students, instructors, and business partners through multiple channels, including email, phone calls, and text messages, and to help allow PhillyWine's stakeholders to continue to identify and communicate with the actual PhillyWine business. That PhillyWine was compelled to engage in this remedial outreach further demonstrates the severity and scope of Defendants' misuse and misappropriation of the PhillyWine Marks, as well as the substantial disruption to PhillyWine's business operations and customer relationships.

67.     Keith Wallace has created a listing on Google Maps under the name "PHILLY WINE SCHOOL" as having an address of 109 S 22nd Street, Philadelphia, PA 19103, the same

address as the Wine School of Philadelphia and the National Wine School (the "Fraudulent Google Maps Listing"). The "PHILLY WINE SCHOOL" in the Fraudulent Google Maps Listing is displayed right next to PhillyWine's location and a confused consumer recently wrote the following review for PhillyWine's location: "Not worth the time. Poorly managed and not located where they claim. There has to have better options than this." Screenshots of the location reviews are attached as **Exhibit 21**. This reviewer provided a one-star review for PhillyWine, yet this reviewer has never been a customer of PhillyWine and so the only logical conclusion is that he intended the review for the illegitimate program offered by Keith Wallace with the Wine School of Philadelphia.

68.    The online footprint that Keith Wallace is deceptively curating and pushing has led Google's search engine to confuse the two entities, so that when consumers search for "phillywine" via Google, they are shown a mismatch of images, videos, and links which conflates PhillyWine and Wine School of Philadelphia, exacerbating consumer confusion, all as part of Keith Wallace's plan to make the two separate wine schools appear to be one and the same, so that the Wine School of Philadelphia can divert PhillyWine's actual and prospective customer into becoming customers of Keith Wallace's business. Screenshots of Google search results for "phillywine" are attached as **Exhibit 22**, and they clearly reflect that such searches now inevitably result in images of Keith Wallace himself being associated, in the eyes of Google and anyone who uses it in this way, with PhillyWine.  One way that Wallace is doing this is by using Infringing Philly Wine School Mark repeatedly in the source code of the Wine School of Philadelphia website at vinology.com so that Google will associate the content with PhillyWine.  For example, Wallace uses "Philly Wine School" in the names of images uploaded to the Wine School of Philadelphia website so that Google will display them when a user conducts a search for "PhillyWine" or "Philly Wine."  An

example of such source code is attached as **Exhibit 23**, and it reflects use of the term "PhillyWine" two times, and reflects use of the term "Philly Wine" 49 times. Wallace also uses "Philly Wine School" as the location listed for all of the events advertised on the Wine School of Philadelphia website and connects those events to the Fraudulent Google Maps Listing. A copy of the relevant page from the Wine School of Philadelphia website is attached as **Exhibit 24**.

69.    Keith Wallace is using several corporate entities to falsely and fraudulently register, and proclaim his companies as purportedly having rights in, the Infringing Philly Wine School Mark, with full knowledge of PhillyWine's rights, so that he can claim to be legally offering for sale and selling wine education services under the Infringing Philly Wine School Mark, when his actual goal is to confuse and mislead the public into believing that Defendants' services are PhillyWine's services or have been sponsored or approved by PhillyWine—or, even worse, to erase PhillyWine's very existence from the Internet, as evidenced by his takedown of PhillyWine's Instagram account (resulting in its suspension, slated to last until June 16, 2026, after which that entire account—including all of its history, posts, followers, follower counts, etc., will be destroyed and lost forever) and his attempt to take over the PhillyWine Google Business listing and take down the PhillyWine website by submitting a trademark complaint to SquareSpace.

70.    Defendants' wine education services under the Infringing Philly Wine School Mark trade off, and benefit from, the goodwill of the PhillyWine Marks.

71.    Keith Wallace's unlawful conduct was at all times knowing, intentional, willful, and malicious.

72.    Specifically, Keith Wallace had actual knowledge of the PhillyWine Marks since at least the early 2000s, and had documented actual knowledge as of at least 2019, and 2022, all well before the Fraudulent Application for the Fraudulent Registration was filed in 2024.

73.     Despite this knowledge, Keith Wallace adopted and/or continued using a nearly identical and infringing PHILLY WINE and PHILLY WINE SCHOOL designations with his wine education services.

74.      Upon information and belief, Keith Wallace has profited from his wrongful conduct by offering for sale and selling wine education services to persons in the United States who believed they were purchasing services from PhillyWine.

75.     Keith Wallace's use of the Infringing Philly Wine School Mark has caused and will continue to cause harm to PhillyWine's PhillyWine Marks.

76.     PhillyWine has suffered, both as a business and in a personal capacity through its individual owners, and unless Keith Wallace's conduct is enjoined by this Court, it will continue to suffer both measurable and immeasurable actual economic damages, in form of lost sales, revenues, and profits, directly and proximately causing irreparable harm to PhillyWine's brand value, reputation, and goodwill, for which PhillyWine has no adequate legal remedy.

## DEFENDANTS' OTHER UNLAWFUL ACTIVITY

77.     Since the Wine School of Philadelphia was established in 2001, it has been offering courses for sale that target customers seeking vocational training in the wine industry.

78.     As an instructor at the wine school, Keith Wallace has claimed that his credentials include being a "graduate of the UC Davis viticulture and enology program" and a "professional winemaker in Napa." A copy of Keith Wallace's website biography from an archived vinology.com webpage is attached as **Exhibit 6**. On information and belief, this is false, as Keith Wallace never attended, much less graduated from, the University of California, Davis nor was he a professional winemaker in Napa County. He invented this lore to give himself credibility in the eyes of prospective students. Similarly, on information and belief, Keith Wallace has told others

that he was a winemaker at Chaddsford Winery, even though he really only worked at Chaddsford Winery's satellite store in Manayunk. Also highlighting the dubious nature of his claims is the fact that Keith Wallace, within the last few weeks, has deleted both of these claims from his website biography. On further information and belief, Keith Wallace also long ago used the initials M.S. in association with his name and/or on his business card to suggest that he was a Master Sommelier when he had never attained that credential either, but he ceased doing so after being called out on this deception by the Court of Master Sommeliers.

79.    Despite his lack of credentials, Keith Wallace launched a "school" under the name "National Wine School" ("NWS") in 2012 to offer, among other services, "professional certification" and an "associate degree" for those working in the wine and hospitality industries. A copy of a press release announcing the school and a copy of the NWS website at wineschool.us is attached as **Exhibit 25**.

80.    NWS holds itself out to be an accrediting body, with coursework and credentials designed to prepare students for a career in hospitality. This has misled consumers into believing that credentials earned through the Wine School of Philadelphia and NWS programs are legitimate and recognized with the industry, like those offered by WSET through PhillyWine's classes, when they are not. Copies of online reviews highlighting this confusion and fraud are attached as **Exhibit 26**. Despite Keith Wallace's claims that NWS certifications "lead the U.S. wine trade" and that "MGM Resorts" explicitly accepts 'Sommelier certification from Court of Master Sommeliers, WSET, or National Wine School,'" there is no actual evidence that MGM Resorts, or any other employer for that matter, recognizes NWS credentials as legitimate—and on information and belief, they do not. See screenshot of a webpage at wineschool.us attached as **Exhibit 27**.

81.     Defendant National Wine School LLC was the registrant of the domain somm.us from at least July 12, 2015 to March 23, 2016, and upon information and belief, Keith Wallace, the owner of the National Wine School, is still the owner and operator of somm.us ("SOMM"), even though through the current registrant of the SOMM website is identified as Claire Seroskie, which, upon information and belief, is just another alias created by Keith Wallace ("Claire Alias"). Copies of the WhoIs records for SOMM are attached as **Exhibit 28**.

82.     All available evidence strongly indicates that the Claire Alias is not a real person, but is in actuality an alias created by Wallace that allows him to make it look as if SOMM is an independent review website for wine schools, when in fact SOMM was set up by Keith Wallace to falsely claim independence while promoting his Wine School of Philadelphia as the best wine school in the country, to falsely promote the National Wine School as the best accrediting body in the country, and to disparage his competitors so that he can avoid responsibility and liability for these deceptive trade practices. The Claire Alias claims to be an Associate Professor at Fort Lewis College, located in Durango, Colorado, but there is no professor by that name at Fort Lewis College. Screenshots of an X account associated with the Claire Alias, along with a copy of the Fort Lewis College directory are attached as **Exhibit 29**. Further highlighting a connection between the Claire Alias and Keith Wallace is the fact that the Claire Alias account on quora.com is ***not*** identified as working at Fort Lewis College, but instead says that the Claire Alias lives in New Jersey and supposedly works at PLCB, i.e., the Pennsylvania Liquor Control Board; that the Claire Alias account posts on quora.com were "upvoted" by Keith Wallace; and that Keith Wallace's Quora account follows the Quora account of the Claire Alias. Copies of relevant webpages from quora.com are attached as **Exhibit 30**.

83.     Despite being owned and operated by an entity and individual that purports to provide professional wine certifications, SOMM holds itself out as "an independent board that reviews professional certifications in the wine trade." The website has glowing reviews for NWS and the executing instrument of its programming, the Wine School of Pennsylvania. In fact, SOMM—the supposedly "independent" review board—has named the Wine School of Pennsylvania the top wine school in the United States year after year. Notably, upon information and belief, SOMM fabricates, posts, and curates positive reviews of NWS and the Wine School of Philadelphia while it suppresses negative ones. The Federal Trade Commission has made clear that this all constitutes deceptive and unfair conduct, as outlined at https://www.ftc.gov/business-guidance/resources/consumer-reviews-testimonials-rule-questions-answers.    Archived    Internet webpages of the SOMM website on somm.us are attached as **Exhibit 31**.

84.     Of course, the best evidence and telltale sign indicating that Claire Seroskie does not exist, that she is in fact Keith Wallace, and that the person who writes all of the content on SOMM.us is its source code. Two pages within that site, namely, https://somm.us/sommelier-certification-101/ and https://somm.us/top-ranked-wine-schools-in-america/ each appear to reflect nothing out of the ordinary on their face. But their source code tells a different story. Indeed, the source code for each page above, as shown respectively below, contains the following lines indicating that the "author" of the pages is none other than "Keith":

```
,"author":{"@type":"Person","name":"keith","url":"https:\/\/somm.us\/author\/keith\/"},
```

```
,"author":{"@type":"Person","name":"keith","url":"https:\/\/somm.us\/author\/keith\/"}.
```

Copies of those two webpages, together with their printed source code, in which the lines reflected above are highlighted, are attached as **Exhibit 32**.

85.    Apparently, based only on the reviews and awards that it has provided itself on the "independent" SOMM website, the Wine School of Philadelphia claims that it is "America's Top Wine School!," that its courses are the "highest ranking in USA" and the "Best of Philly," and that the classes are given by the "nation's top wine educators." These claims are false, and in the absence of proper substantiation, must be discontinued. Copies of webpages from vinology.com, yelp.com, x.com, delawarescene.com, vinology.tenereteam.com, and mapquest.com with examples of these claims are attached as **Exhibit 33**. The mapquest.com page in **Exhibit 33** also contains false statements because it says, "The two main instructors are an author-winemaker and a sommelier-lawyer." However, as discussed above, Keith Wallace's claim to be a professional winemaker is false and unsubstantiated. Moreover, while Alana Zerbe used to be a practicing lawyer, on information and belief, her license has been suspended, making the claim about her false as well.

86.    Meanwhile, the SOMM review of PhillyWine has been described as sounding like a "hit piece" by a prospective customer looking for an unbiased opinion. Copies of a Reddit review reflecting that prospective customer's view that the SOMM review of PhillyWine is a "hit piece" and the actual SOMM review are attached as **Exhibit 34**.

87.    Just like its alter ego, SOMM, the Wine School of Philadelphia artfully skews the reviews that customers see on vinology.com to only be positive, and admits as much, writing on its review page that customers are seeing "a selection of comments" and only the "relevant" reviews. Screenshots of the Wine School of Philadelphia website at vinology.com are attached as **Exhibit 35**. Keith Wallace also admits that he has "pissed off just about every corner of the wine industry" and alleges that his truth "makes people mad" (Keith Wallace blog post attached as **Exhibit 36**); but he selectively chooses which customer reviews are "relevant" and thus visible to

potential consumers. This is unlawful. Given the facts above, one can only imagine what the hidden reviews say.

88.    Further, upon information and belief, Wallace has submitted fraudulent reviews on ratemyprofessors.com in order to make it appear like the NWS curriculum is used at various colleges and universities across the country, even though it is not. A compilation of reviews mentioning NWS on ratemyprofessors.com and examples of these reviews are attached as **Exhibit 37**. The SOMM website links to these reviews as examples of "very positive" reviews from "students who have taken the programs at the college level." **Exhibit 31**. This bears reiterating and clarifying because it is vitally important. The SOMM website—surreptitiously written and "author[ed]" by "Keith" Wallace (as shown above)—references and relies on numerous ratemyprofessors.com reviews that, as explained below, were *also* surreptitiously written and authored by Keith Wallace, in order to fraudulently and falsely promote and support the purported legitimacy of the curriculum used by the NWS and the Wine School of Philadelphia—both of which are owned and operated by Keith Wallace. This type of conduct is beyond shameless; it is outrageous and disgraceful.

89.    NWS has been operating since 2012. Yet, almost all of the reviews on ratemyprofessors.com that mention NWS were posted within a short timeframe, between September 2021 to January 2022—at a time when the Wine School of Philadelphia was likely still suffering significant revenue shortfalls from the COVID-19 pandemic. If these reviews were legitimately made by college students, and these schools were actively using NWS curriculum, one should be able to find more postings both before and after this short window. Further, at least two of these reviews could not possibly have been written by real students.

90.    First, one review was left for Professor Mark Davis at the New England Culinary Institute on January 29, 2022, even though—as was widely reported and obvious to anyone who bothered to check—the New England Culinary Institute **permanently closed** in the Spring of 2021 as a result of the COVID-19 pandemic. As if that were not enough, Professor Mark Davis had retired several before 2020 and, in fact, he **died in June 2020**.  A screenshot of the review for Professor Mark Davis, a news report on the closure of the culinary institute and the professor's obituary (which confirms, in June 2020, that he "retire[d] several years ago") are attached as **Exhibit 38**. This evidence, together with the SOMM.us evidence above, again underscores how Keith Wallace engages in this egregious conduct without the slightest bit of shame.

91.    Another review, left for Professor Stephen Mutkoski at Cornell University, occurred on October 19, 2021; yet, Mutkoski had retired seven years earlier, in 2014, after leading the much-coveted course since 1983. The October 19, 2021 review cannot be legitimate, as Mutkoski had long since stopped teaching by the time it was posted. A screenshot of the review for Professor Stephen Mutkoski and an article from Cornell's website confirming Mutkoski's retirement are attached as **Exhibit 39**.  As reviewers on ratemyprofessors.com are not verified as students (they only self-certify that they are), these fabrications were easy for Keith to make, in yet another attempt to manufacture credibility for his illegitimate "school" through fraudulent online reviews.

92.    Upon information and belief, Keith Wallace, under a pseudonym, is now falsely claiming that the Wine School of Philadelphia offers "various WSET levels and an accelerated sommelier program" and that its WSET pass rates are "consistently well above the global average." A copy of an article at briefglance.com is provided as **Exhibit 40**. Keith Wallace is falsely advertising that the programs offered by the Wine School of Philadelphia include WSET courses

and certifications, when they do not, and further falsely suggesting that he himself has been WSET certified (because WSET requires those who teach WSET courses to have completed the WSET educator training program), and he is then clearly attempting to curry legitimacy from PhillyWine, which is an Approved Program Provider of WSET.

93.     The Wine School of Philadelphia only provides National Wine School courses and credentials. Its NWS courses are marketed to beginners and professionals, with claims that its "over 1,200 students" and "graduates" now work in "winemaking and winery operations, wine education and teaching, distribution and importing, and ownership and management of wineries, restaurants, and wine shops." The Wine School of Philadelphia assures customers that the "program is designed to produce usable authority, not just certificates." Supporting webpages of vinology.com are attached as **Exhibit 41**.

94.     Keith Wallace has also created other online aliases, including "Maeghan Kresge" (the "Maeghan Alias"), in order to write fraudulent reviews for PhillyWine and endorsements for the Wine School of Philadelphia, in an attempt to confuse and mislead consumers. Wallace has used the Maeghan Alias to post Wine School of Philadelphia events on Yelp and Keith Wallace has complimented the Maeghan Alias, but reviews submitted by the Maeghan Alias have been hidden by Yelp for not being independent. Copies of relevant Yelp pages are attached as **Exhibit 42**. The Maeghan Alias was also used in attempts to update Wikipedia pages for Keith Wallace and the Wine School of Philadelphia. These submissions were flagged as not independent by Wikipedia and were not published. Copies of Wikipedia pages are attached as **Exhibit 43**. Finally, the Maeghan Alias has submitted a false, libelous and disparaging one-star Google review for PhillyWine, even though PhillyWine has no record of any "Maeghan Kresge" ever having attended any of its courses. A copy of the negative Google review is provided as **Exhibit 44.**  Further

highlighting a connection between the Keith Wallace and the Maeghan Alias is the fact that on quora.com, the Maeghan Alias is following only two other accounts, one of which is the account of the Claire Alias; the Maeghan Alias account has only five followers, one of whom is the account of the Claire Alias; and the Claire Alias and the Maeghan Alias on Quora both joined that site in May 2016. Copies of relevant webpages from quora.com are attached as **Exhibit 30**.

95.     Similarly to Keith Wallace, Alana Zerbe inflates the credibility of NWS despite knowing the certifications provided by the school are not recognized by the industry. As the school's Director of Education, she claims to provide "graduate-level certifications" and signs those fraudulent certifications for unwitting students, alongside her husband Keith Wallace's signature. **Exhibits 6 and 31.**

96.     In sum, Keith Wallace, a man with fabricated credentials as a UC Davis graduate and professional winemaker, opened the Wine School of Philadelphia and the National Wine School with courses purporting to offer career credentials to customers which are not actually recognized within the hospitality industry. To give NWS credibility and pedigree, Keith Wallace then created SOMM, a sham review website, and a number of fake aliases in order to fraudulently bolster the reviews of the Wine School of Philadelphia and the National Wine School and to disparage PhillyWine and other competitors.

97.     With NWS established, Keith Wallace connected the Wine School of Philadelphia with its phony credential program, and the two entities act as one today and are barely distinguishable from one another. By way of example, the two share the same physical location in Philadelphia and are headed by the same, singular man who oversees and directs all of their operations and activities: Keith Wallace.

98.    Keith Wallace has leveraged each of these three entities – the Wine School of Philadelphia, the National Wine School, and SOMM – and his online aliases, which are all under his control, in order to create a self-legitimizing web of deception intended to mislead consumers into spending time and money on expensive courses and "certifications" that lack value in the industry and harm his competitors by drawing customers away from their legitimate businesses. Alana Zerbe, his wife and Director of Education for the "school," assists Wallace in luring customers into purchasing expensive courses and meaningless certifications.

99.    Keith Wallace's use of the Infringing Philly Wine School Mark is highly damaging to PhillyWine's reputation, through its association of the PhillyWine Marks with a fraudulent accreditation scheme, namely, the National Wine School program that Keith Wallace fabricated and which has no legitimacy in the industry. Perhaps that is why Keith Wallace has in recent weeks substantially escalated a perceived feud with PhillyWine, and sought to steal and register PhillyWine's trademark in furtherance of a scheme to divert PhillyWine's customers and erase PhillyWine's actual existence from the web and from the record.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125
(All Defendants)

100.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

101.    PhillyWine's common law PhillyWine Marks are inherently distinctive and/or have acquired substantial distinctiveness and goodwill in the marketplace through PhillyWine's and its predecessor-in-interest's decades-long exclusive use of those PhillyWine Marks in commerce.  As a result of that widespread and continuous use of the PhillyWine Marks, the PhillyWine Marks have become associated in the minds of the relevant purchasing public with PhillyWine. The

reputation and goodwill that PhillyWine has built up in the PhillyWine Marks is of great value to PhillyWine.

102.    PhillyWine has rights in the PhillyWine Marks in connection with wine education services that significantly predate any rights or use Defendants may have.

103.    Defendants are using marks that are identical to or indistinguishable from genuine PhillyWine Marks with wine education services without PhillyWine's approval, authorization or consent.

104.    Defendants' use of the Infringing Philly Wine School Mark is causing confusion and is likely to continue to cause confusion with PhillyWine's PhillyWine Marks, or cause mistake or deception as to the origin, sponsorship or approval of, Defendants' wine education services.

105.    Defendants knew of PhillyWine and its rights in the PhillyWine Marks since before Defendants' earliest use of the Infringing Philly Wine School Mark, which Defendants have used without PhillyWine's authorization or consent, such that Defendants' unlawful use is a willful and intentional infringement of the PhillyWine Marks.

106.    PhillyWine has no adequate remedy at law.

107.    As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer monetary damages in an amount to be proven at trial.

## COUNT II
## FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## UNDER 15 U.S.C. § 1125(a)
### (All Defendants)

108.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

109.    Defendants' actions, including but not limited to their use of PhillyWine-formative marks in connection with wine education services, constitute use of a false designation of origin,

or a false representation, which wrongfully and falsely designates the origin of Defendants' services and related commercial activities as originating from or being approved by PhillyWine, and thereby constitute a false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

110.    Defendants are engaging in unfair competition by using Plaintiff's trademarks in an attempt to run Plaintiff out of business and assume Plaintiff's commercial identity. Defendant filed a trademark application for Plaintiff's trademark and used that Fraudulent Registration to file take-down requests with a social media platform and website hosting company in order to erase Plaintiff's footprint from the Internet, and to destroy Plaintiff's ability to interact with its actual and prospective customers.

111.    Defendants are advertising their "professional certifications" and "associate degree" to unwitting consumers despite those certifications carrying no value in the wine and hospitality industries. Defendants are also fabricating online reviews in order to increase their credibility, and are claiming that NWS coursework is taught at universities when it is not. Plaintiff, meanwhile, offers courses that facilitate the passing of WSET examinations and the earning of WSET certifications, which are widely recognized and accepted by industry professionals and employers.

112.    Defendants' acts described herein are willful.

113.    PhillyWine has no adequate remedy at law.

114.    As a result of Defendants' actions, Plaintiff has suffered, and will continue to suffer monetary damages in an amount to be proven at trial.

## COUNT III
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 8055977 – PRIORITY OF USE UNDER 15 U.S.C. § 1119
(Defendants Wallace and KSWCO LLC)

115.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

116.    PhillyWine has been and is the owner of common law rights in and to the PhillyWine Marks for wine education services by virtue of the PhillyWine Marks in United States commerce since at least as early as 1999, which is long before Defendants' alleged first use of its Infringing Philly Wine School Mark in commerce on August 15, 2016.  It is even longer before Defendants' actual documented first use of that mark on November 23, 2024.

117.    PhillyWine has priority of use over Defendants' claim to rights in the Infringing Philly Wine School Mark.

118.    Defendants' use and registration of the Infringing Philly Wine School Mark is causing consumer confusion and is likely to continue causing confusion among the trade and the consuming public as to the source, sponsorship, or affiliation of Defendants' services with PhillyWine.

119.    Pursuant to 15 U.S.C. §1052(d), and by virtue of PhillyWine's prior use of the PhillyWine Marks in the United States commerce on and in connection with wine education services, Defendants are not, and have never been, entitled to federal registration of the Infringing Philly Wine School Mark for identical and/or related services.

120.    This Court has the authority, pursuant to 15 U.S.C. §1119, to order the cancellation of the '977 Registration.

121.    PhillyWine has been and is continuing to be damaged by the continued registration of the '977 Registration, and said registration should be cancelled.

## COUNT IV
## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 8055977 – FRAUD ON THE USPTO UNDER 16 U.S.C. § 1119
(Defendants Wallace and KSWCO LLC)

122.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

123.    Based on Defendants' statements as alleged herein, Defendants were able to obtain registration for the mark that is the subject of the Fraudulent Registration.

124.    Based on Defendant's statements as alleged herein, the USPTO registered the mark that is the subject of the Fraudulent Registration.

125.    Defendants were not at the time of their application or at any time thereafter the owners of bona fide rights in or to the Infringing Philly Wine School Mark in connection with wine education services. To the contrary, Defendants were fully aware that PhillyWine, not Defendants, was and is the owner of common law rights in and to the PhillyWine Marks for such services. For example, multiple documents reflect Keith Wallace's own knowledge of the existence of PhillyWine, including a webpage written by Keith Wallace himself acknowledging that PhillyWine is the oldest wine school in Philadelphia.

126.    Defendants' sworn statements made in the application to register the Infringing Philly Wine School Mark that is the subject of the Fraudulent Registration constitute fraud in procurement of such trademark registration.

127.    Defendants committed fraud before the USPTO by knowingly and willfully making false and/or fraudulent declarations or representations to the USPTO and knowing that the Examining Attorney would be relying on such false statements in accepting Defendants' application for registration of the Infringing Philly Wine School Mark.

128.    Specifically, on November 23, 2024, Keith Wallace fraudulently attested during the prosecution of the application that to "the best of [his] knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive"—and later, on September 7, 2025, in the Section 2(f) claim that "[t]he mark has become distinctive of the services through Applicant's substantially exclusive and continuous use in commerce for at least the five years immediately before the date of this statement" and "[t]he applied-for mark has acquired distinctiveness in the marketplace through nearly two decades of continuous use, extensive consumer exposure, independent press recognition, and substantially exclusive use."

129.    Defendants procured the Fraudulent Registration in bad faith with a fraudulent purpose and intent to secure federal registration by deception.

130.    Said false statements were made with the intent to induce authorized agents of the USPTO to grant the Fraudulent Registration and, reasonably relying upon the truth of said false statements, the USPTO did, in fact, grant the Fraudulent Registration to Defendants.

131.    Upon information and belief, Defendants knew that the statements they made to the USPTO as alleged herein were false at the time they were made and as submitted to the USPTO in the prosecution and procurement of the Fraudulent Registration.

132.    In view of the foregoing, Defendants are not entitled to continue owning the Fraudulent Registration, as Defendants committed fraud in the procurement of said registration and such registration is void *ab initio*.

133.    This Court has the authority, pursuant to 15 U.S.C. §1119, to order the cancellation of the Fraudulent Registration.

134.    PhillyWine has been and is continuing to be damaged by the continued registration of the Fraudulent Registration, and said registration should be cancelled.

## COUNT V
## FEDERAL FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(A)
(All Defendants)

135.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

136.    The marketing and sale by Defendants of wine education services with the Infringing Philly Wine School Mark is likely to mislead the trade and public into believing that Defendants' services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by PhillyWine.

137.    Defendants' use in commercial advertising or promotion, misrepresents the nature, characteristics, and/or qualities of their services. Plaintiff's curriculum is backed by WSET, a well-respected and industry-trusted credential organization that was established decades ago. Meanwhile, Defendant Keith Wallace's Wine School of Philadelphia's curriculum is provided by Defendant Keith Wallace's National Wine School, which is not a legitimate accreditation body even though it claims to provide a valuable, widely accepted education to consumers seeking a career in the hospitality industry.

138.    Defendants claim to run the top-rated wine school, with the best certifications and instructors in Philadelphia and the United States without proper substantiation.

139.    Defendants claim to provide WSET course offerings when they do not.

140.    Defendants are deceiving customers by selectively curating the customer reviews on their website vinology.com to only be positive four- or five-star reviews and suppressing

negative reviews. Customers are then not provided a full and accurate picture of the quality of Defendants' courses, and are unable to make informed purchasing decisions.

141.    Defendants have posted fake reviews on third-party websites, including ratemyprofessors.com, in order to make it appear as if the NWS curriculum is used by universities, when it is not.

142.    Defendants' false representations as to the value of its self-created curriculum and certification services have deceived, or have the tendency to deceive, consumers and potential consumers and such representations are likely to influence their purchasing decisions.

143.    Defendants are disparaging PhillyWine's business and services by making false statements of fact, including by calling PhillyWine dishonest, deceptive, and inferior quality, and even spreading misinformation that PhillyWine is permanently closed.

144.    Defendants have created numerous online aliases, including the Maeghan Alias and the Claire Alias, in order to post fake negative reviews for PhillyWine and fake endorsements supporting the Wine School of Philadelphia and the National Wine School, and in an attempt to edit Wikipedia with favorable descriptions of Keith Wallace, the Wine School of Philadelphia and/or the National Wine School in order to mislead consumers.

145.    Defendants' activities have unjustly enriched Defendants to PhillyWine's damage, by associating Defendants' illegitimate services with PhillyWine's legitimate professional wine education program.

146.    Defendants' acts have caused irreparable injury to PhillyWine's goodwill and PhillyWine has no adequate remedy at law.

147.    PhillyWine is therefore entitled to appropriate relief as prayed for hereinafter, including preliminary and permanent injunctive relief.

148.    Defendants knew or should have known Defendants have no legal right to use PhillyWine's name. Defendants have engaged in and continue to engage in the alleged activities knowingly, willfully and deliberately, so as to justify the assessment of exemplary damages and an award of attorneys' fees against Defendants.

### COUNT VI
### TRADEMARK INFRINGEMENT UNDER 54 PA. C.S. § 1123
(All Defendants)

149.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

150.    Defendants are using the PhillyWine Marks in commerce and in advertising, in connection with the sale, offering for sale, distribution, and/or advertising of services that do not originate with and are not sponsored by or affiliated with PhillyWine.

151.    Defendant's actions are causing confusion and are likely to continue to cause confusion, mistake, or deception as to the source and/or origin of the goods offered by Defendant in connection with the PhillyWine Marks, in that customers and potential customers are likely to believe that those goods offered by Defendant are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to PhillyWine, when there is no such relationship.

152.    As a direct and proximate result of the likely confusion and deception, PhillyWine has suffered and will continue to suffer irreparable harm if Defendant's conduct is not enjoined.

### COUNT VII
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER
### PENNSYLVANIA COMMON LAW
(All Defendants)

153.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

154.     Through PhillyWine's long-standing, widespread, continuous, and exclusive use of the PhillyWine Marks in commerce, the PhillyWine Marks have become impressed upon the minds of the relevant trade and consuming public as identifying PhillyWine and indicating the source of origin of the wine education services as coming from PhillyWine.

155.     PhillyWine has built a large and valuable business in its use of the PhillyWine Marks, and the goodwill associated with Plaintiffs, and Plaintiffs alone, is of great value to PhillyWine. The PhillyWine Marks have developed and acquired distinctiveness and secondary meaning in the minds of the trade and the consuming public in the field of wine education, and have come to indicate to the trade and the consuming public that the particular services bearing or advertised, sold or offered in connection with the PhillyWine Marks originate from PhillyWine.

156.     Defendants have used, and are continuing to use, a designation that is essentially identical to PhillyWine's trademarks in interstate commerce and within the State of Pennsylvania in connection with their sale and advertising of wine education services.

157.     Defendants are attempting to shut down PhillyWine's business via a series of attacks to remove PhillyWine's online presence, in order to cause PhillyWine to lose customers while simultaneously taking over PhillyWine's established consumer good will.

158.     Defendants' unauthorized use of the PhillyWine Marks is causing confusion and is likely to continue to cause confusion in the marketplace between PhillyWine and Defendants' wine education services sold under those trademarks.

159.     Defendants' misappropriation of PhillyWine's PhillyWine Marks is in willful and wanton disregard of PhillyWine's rights in and to the same, and without the consent of PhillyWine.

**COUNT VIII**
**TORTIOUS INTERFERENCE WITH EXISTING AND PROSPECTIVE**
**CONTRACTUAL RELATIONS UNDER PENNSYLVANIA COMMON LAW**
(Defendants Wallace and KSWCO LLC)

160.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

161.    Defendants are preventing PhillyWine from performing its obligations to supply its customers with wine education courses by dismantling PhillyWine's online presence. Defendants have attempted to take down PhillyWine's website at phillywine.com and take over PhillyWine's Google Business Account; have issued a takedown notice to SquareSpace; have successfully removed its Instagram account at @PhillyWineSchool; and have changed the address of PhillyWine's physical location on search engine results to display the Wine School of Philadelphia's address.

162.    Defendants are also spreading false information about the closure of PhillyWine's business to cause confusion about whether PhillyWine is operational and able to fulfill its existing obligations to customers as obligations to potential future customers.

163.    Defendants are aware that these attempts to shut down PhillyWine's online presence and divert and mislead customers would cause PhillyWine to default on its contractual obligations to its customers now and would hinder its ability to take on new clientele, while also causing reputational harm to PhillyWine.

164.    As a direct result of Defendant's interference with PhillyWine's ability to perform under the terms of its contracts with current and prospective customers, PhillyWine will continue to suffer monetary damages for which Defendants are liable, together with interest, costs, and attorneys' fees. PhillyWine has also suffered damage to its reputation, for which Defendants are liable.

## COUNT IX
## COMMERCIAL DISPARAGEMENT UNDER PENNSYLVANIA COMMON LAW
### (All Defendants)

165.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

166.    Defendants have made false statements about the quality of PhillyWine's wine education services, about PhillyWine's integrity, and about whether PhillyWine is currently even open for business.

167.    Defendants published those false statements via SOMM, Google reviews, and on social media.

168.    In making these statements, Defendants intended to dissuade customers from signing up for PhillyWine's courses and knew that this diversion of customers would cause PhillyWine pecuniary loss.

169.    Defendants knew that their statements – including falsely calling PhillyWine the "lowest-ranked wine school in America under its new ownership," labeling it as a deceptive company, and questioning PhillyWine's honesty and quality – were false because no evidence exists to support those claims.

170.    PhillyWine has sustained pecuniary loss because of Defendant's false statements.

## COUNT X
## CIVIL CONSPIRACY UNDER PENNSYLVANIA COMMON LAW
### (Defendants Wallace and Zerbe)

171.    PhillyWine repeats and realleges each of the allegations contained in the preceding paragraphs as if fully stated herein.

172.    Defendants Keith Wallace and Alana Zerbe entered into a combination and conspiracy to engage in the unlawful acts described herein, including trademark infringement,

fraud on the USPTO, false advertising, unfair competition, tortious interference with PhillyWine's contractual relations and/or prospective business advantage, and commercial disparagement of PhillyWine.

173.    Each of Wallace and Zerbe shared a common purpose and understanding to misappropriate the PhillyWine Marks, disrupt PhillyWine's business, divert PhillyWine's customers to the Wine School of Philadelphia, and ultimately erase PhillyWine's presence from the marketplace. Defendants' common purpose is evidenced by, among other things: (i) the coordinated use of PhillyWine-formative marks across multiple platforms and entities controlled by the same individuals; (ii) the filing of a fraudulent application at the USPTO and ultimately the issuance by the USPTO of the Fraudulent Registration, which was fraudulent in part based on false statements Wallace submitted to the USPTO as to his alleged use and his alleged length of use of the PHILLY WINE SCHOOL mark, including the alleged date of first use for same; (iii) the filing of trademark complaints in rapid succession with Instagram, Google, and Squarespace based on the Fraudulent Registration; (iv) the creation and use of fake online aliases to disparage PhillyWine and promote the Wine School of Philadelphia; and (v) the systematic manipulation of online search results and business listings to confuse consumers and supplant PhillyWine.

174.    Defendant Alana Zerbe, as the wife of Defendant Keith Wallace and as the Director of Wine Education at the Wine School of Philadelphia, was aware of, agreed to, and actively participated in furtherance of this conspiracy. Zerbe's participation is evidenced by, among other things, her registration and ongoing use of the @PhillyWineInstructor Instagram handle, which incorporates the PhillyWine Marks, in order to create consumer confusion and divert PhillyWine's customers and goodwill to the Wine School of Philadelphia, where she serves as a senior officer. Zerbe's deliberate adoption of a PhillyWine-formative handle, despite having no affiliation with

PhillyWine whatsoever, is consistent with and in furtherance of the broader scheme orchestrated by Keith Wallace—who himself engaged in nearly the same conduct through his registration and ongoing use of the @PhillyWine Instagram handle—to misappropriate PhillyWine's intellectual property and disrupt its business.

175.    In furtherance of the conspiracy, Defendants utilized several corporate entities owned and/or controlled by them and committed the overt acts described throughout this Complaint, including but not limited to: fraudulently procuring a federal trademark registration; using that registration to file takedown complaints against PhillyWine's social media and website; registering and using PhillyWine-formative online identifiers; creating fake aliases to post fraudulent reviews; and making false and disparaging statements about PhillyWine.

176.    As a direct and proximate result of the conspiracy, PhillyWine has suffered and will continue to suffer actual damages, including loss of business, loss of goodwill, reputational harm, and the costs of remedial efforts to address consumer confusion. Each Defendant is jointly and severally liable for all damages caused by the conspiracy.

## PRAYER FOR RELIEF

PhillyWine prays for the following relief:

A.    That this Court find that Defendants have unlawfully, willfully, and without authorization infringed upon Plaintiff's PhillyWine Marks, and engaged in false designation of origin, unfair competition, and false advertising, all in violation of the Lanham Act, 15 U.S.C. § 1125, *et seq.*; commercially disparaged Plaintiff; have been unjustly enriched at Plaintiff's expense; and conspired to commit the unlawful acts detailed hereinabove;

B.     That this Court find that Defendants have engaged in unfair trade practices under 73 P.S. § 201-2, committed tortious interference with Plaintiff's existing and prospective contractual relations, committed fraud, and commercially disparaged Plaintiff;

C.     Ordering that Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, by, through or under them be preliminarily and permanently enjoined from:

1.     using the PHILLYWINE, PHILLY WINE, or PHILLY WINE SCHOOL marks or any other mark that is confusingly similar to the aforementioned marks or engaging in any other activity that infringes the PhillyWine Marks;

2.     engaging in any activity constituting unfair competition with PhillyWine;

3.     registering or applying to register PhillyWine-formative marks, including PHILLYWINE, PHILLY WINE, or PHILLY WINE SCHOOL and/or any other trademark, service mark, domain name or other source identifier or symbol of origin consisting of or incorporating the PhillyWine Marks or any other mark that infringes or is likely to be confused with the PhillyWine Marks, or any goods or services of PhillyWine;

4.     Submitting trademark or other complaints to any online or other platforms based on a claim that Defendants purportedly own any rights in the PHILLYWINE, PHILLY WINE, or PHILLY WINE SCHOOL marks, in a way designed to interfere with PhillyWine's use of the PhillyWine Marks;

5.     Engaging in any false, misleading and/or deceptive advertising, including by (i) claiming to operate the nation's top or top-rated wine school, with the best courses and instructors in Philadelphia or in the United States; (ii)

claiming to provide WSET course offerings; (iii) selectively curating customer reviews on their own or any other website; (iv) creating online aliases and using them to post negative reviews about PhillyWine or to post positive reviews or endorsements of any of Defendants or their wine school services; and (v) claiming to provide customers with professional-level wine courses that are recognized in the hospitality industry; and

6.      Disparaging PhillyWine's business or the PhillyWine Services in any way;

D.      Ordering that Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, by, through or under them to take all necessary steps to withdraw any trademark or other complaints submitted to any platform intended to interfere with PhillyWine's use of the PhillyWine Marks, including but not limited to, any complaints submitted to Instagram and Squarespace.

E.      Ordering the USPTO to cancel and void the Fraudulent Registration, i.e., U.S. Trademark Registration No. 8055977.

F.      Ordering the transfer to PhillyWine of the @PhillyWine Instagram handle and the @PhillyWineInstructor Instagram handle, and any other online identifiers incorporating the PhillyWine Marks that were registered by Defendants;

G.      Ordering Defendants to disgorge and pay restitution of all profits, revenues, and other benefits unjustly obtained through their misappropriation of PhillyWine's goodwill and the PhillyWine Marks;

H.      Ordering that PhillyWine be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

1.      All profits earned by Defendants from sales and revenues of any kind made as a result of its infringing and/or unlawful actions outlined above;

2.      All damages sustained by PhillyWine as a result of Defendants' acts of infringement, unfair competition and fraud, including but not limited to any and all ascertainable damages and costs, including any punitive damages available under the law; and

3.      Enhanced damages for Defendants' willful infringement.

I.      Finding that this case is exceptional under 15 U.S.C. § 1117, and awarding enhanced damages and attorney's fees to Plaintiff;

J.      That PhillyWine shall have such other and further relief as this Court may deem just and proper.

## JURY DEMAND

PhillyWine requests a trial by jury as to all issues triable by a jury.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Dated: February 26, 2026

*/s/ Brian T. Feeney*
Brian T. Feeney, Esq. (#78574)
1717 Arch Street, Suite 400
Philadelphia, PA 19103
T: 215-988-7812
brian.feeney@gtlaw.com

Ian C. Ballon, Esq.
*Pro Hac Vice* Application to be Filed
**GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
ballon@gtlaw.com

Barry Horwitz, Esq.
*Pro Hac Vice* Application to be Filed
Marc Trachtenberg, Esq.
*Pro Hac Vice* Application to be Filed
Molly Carr, Esq.
*Pro Hac Vice* Application to be Filed
**GREENBERG TRAURIG, LLP**
360 North Green Street, Suite 1300
Chicago, IL 60607
barry.horwitz@gtlaw.com
trachtenbergm@gtlaw.com
carrm@gtlaw.com

*Attorneys for Plaintiff PhillyWine LLC*