IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILLYWINE LLC, a Pennsylvania Limited Liability Company,<br><br>    *Plaintiff,*<br><br>  v.<br><br>KSWCO LLC, a Delaware Limited Liability Company, SALKEDS LLC, a Delaware Limited Liability Company, THE NATIONAL WINE SCHOOL LLC, a Pennsylvania Limited Liability Company, ALANA ZERBE, an individual, and KEITH WALLACE, an individual, d/b/a Wine School of Philadelphia,<br><br>    *Defendants.* | No. 2:26-cv-01268-JDW |

**[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

  **THIS MATTER** is before the Court on a Motion for a Preliminary Injunction by Plaintiff PhillyWine LLC ("Plaintiff") against Defendants Keith Wallace, Alana Zerbe, KSWCO LLC, SALKEDS LLC, and THE NATIONAL WINE SCHOOL LLC (collectively, "Defendants"). Plaintiff alleges that Defendants fraudulently obtained a federal trademark registration for the mark PHILLY WINE SCHOOL and used that registration to improperly attack Plaintiff and its business.

  Having reviewed the Complaint, the Motion, and supporting materials, the Court finds:

  i. Plaintiff is likely to succeed on the merits of its claims. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendant's Infringing Philly Wine School Mark (as defined in Plaintiff's Complaint) because Defendants have created a likelihood of confusion between the Infringing Philly Wine School Mark and continue to escalate their unlawful conduct that was not authorized by Plaintiff.

    ii.    Defendants' use of the Infringing Philly Wine School Mark is causing and will continue to cause immediate and irreparable injury to Plaintiff and to consumers if a preliminary injunction is not issued. It appears from the specific facts, as set forth in Complaint, the Motion, the supporting declaration and exhibits, and evidence presented before the Court, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers absent an injunction.

    iii.    If a preliminary injunction is issued, the balance of potential harm to Defendants in restraining their use of the Infringing Philly Wine School Mark—and enjoining their offensive use of the Fraudulent Registration for that mark (as defined in Plaintiff's Complaint)—is far outweighed by the potential harm to Plaintiff and Plaintiff's rights in the PhillyWine Marks, if such relief is not issued.

    iv.    The public interest favors protecting Plaintiff's interests and protecting consumers from being deceived, confused and/or defrauded by Defendants in the Eastern District of Pennsylvania and across the United States.

Accordingly, the Court finds that the four-part test for injunctive relief has been satisfied and it is **ORDERED AND ADJUDGED** that **Plaintiff's Motion for a Preliminary Injunction** is **GRANTED** as follows:

    i.    Defendants, their officers, directors, employees, agents, subsidiaries, parent, distributors, and all persons in active concert or participation with any Defendants having notice of this Order are hereby enjoined and restrained from the following:

        (a) Using the Infringing Philly Wine School Mark or any confusingly similar mark in connection with the advertisement, publicity, promotion, offer for sale and/or sale of

goods or services in any manner other than in truthful and lawful comparative advertising;

(b) Making any false or misleading statements regarding Plaintiff or its business, employees, owners, and/or services that would mislead or confuse consumers into believing there is any relationship or affiliation between Plaintiff and Defendants or that falsely disparage Plaintiff or its business, employees, owners, and/or services

(c) Submitting the Fraudulent Registration or any claim of ownership of the Philly Wine School Mark to any third party to suspend, disable, or otherwise interrupt any online accounts operated or controlled by Plaintiff, including social media platforms and Plaintiff's website, or otherwise using the fraudulent registration offensively to disrupt or injure Plaintiff's business;

(d) Operating, controlling, or maintaining any website or social media account that uses the Infringing Philly Wine School Mark on the website, in the website URL, in the user name or handle, profile picture, bio, header image, or other part of the account(s);

(e) Committing any other acts calculated to cause consumers to believe that Defendants are connected with Plaintiff;

(f) Assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (g) above.

ii. Defendants are further ordered to affirmatively withdraw any and all trademark complaints and/or submissions of the fraudulent registration to any online account providers, including without limitation Instagram, Squarespace, and Google.

SO ORDERED:

DATE: _____          _____
                                                                         J.