IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLYWINE, LLC, | : | |
| | : | Case No. 2:26-cv-01268-JDW |
| v. | : | |
| | : | |
| KSWCO LLC, *et al.* | : | |

### ORDER

AND NOW, this 4th day of March, 2026, upon review of the docket, I note as follows.

1. Three lawyers from Dilworth Paxson LLP have appeared on behalf of Defendants in this case, including Christopher Nana-Sinkam and David Rodkey.

2. As the Parties may be aware, I practiced at Dilworth from 2008 until my confirmation in 2019, including as a partner from 2010-2019. I have not had a relationship with Dilworth since 2019. During my time at Dilworth, Messrs. Nana-Sinkam and Rodkey were associates at the Firm. I worked some, but not extensively, with each of them.

3. As of today, Mr. Nana-Sinkam and I are both members of the Board of Directors of Historic Philadelphia, Inc. The Board meets four times per year, and the Compensation Committee (of which we are both members) meets once or twice a year, usually in December.

4. Based on my analysis, these contacts do not require recusal pursuant to 28 U.S.C. § 455. In assessing recusal, the "standard for recusal is whether an objective observer reasonably might question the judge's impartiality." *Mass. Sch. of Law at*

*Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). "[W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). But a judge also has an affirmative duty not to recuse absent a sufficient basis. *See In re Kensington Int'l Ltd.*, 353 F.3d 211, 224 (3d Cir. 2003); *United States v. Schneider*, No. CR 10-29, 2018 WL 10638567, at *2 n.1 (E.D. Pa. Feb. 6, 2018).

5. However, I believe that the safer course of action is to disclose these facts and give the Parties an opportunity to move for my recusal if they think it is appropriate.

Therefore, it is **ORDERED** that any Party that seeks my recusal in this action based on the information I have disclosed must file an appropriate Motion on or before March 11, 2026. If any Party files a Motion, any response must be filed on or before March 16, 2026. Motions and responses may not exceed 10 pages.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON
United States District Judge