**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| PHILLYWINE LLC, a Pennsylvania Limited Liability Company, <br><br> *Plaintiff,* <br><br> v. <br><br> KSWCO LLC, a Delaware Limited Liability Company, SALKEDS LLC, a Delaware Limited Liability Company, THE NATIONAL WINE SCHOOL LLC, a Pennsylvania Limited Liability Company, ALANA ZERBE, an individual, and KEITH WALLACE, an individual, d/b/a Wine School of Philadelphia, <br><br> *Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br> No. 2:26-cv-01268 |

**PLAINTIFF PHILLYWINE LLC'S REQUEST FOR JUDICIAL NOTICE IN
SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff PhillyWine LLC ("PhillyWine" or "Plaintiff"), through undersigned counsel, hereby requests the Court take judicial notice pursuant to Federal Rule of Evidence 201(b) of the following when ruling on Plaintiff's Motion for Preliminary Injunction (ECF No. 6):

1.    The United States Patent and Trademark Office (USPTO) Office Action (Official Letter) About Applicant KSWCO LLC's Trademark Application regarding U.S. Trademark Application Serial No. 98869526 - PHILLY WINE SCHOOL, which is printed from the USPTO website at https://tsdr.uspto.gov/documentviewer?caseId=sn98869526&docId=NFIN20250728153915&linkId=10#docIndex=9&page=1, and attached hereto as **Exhibit 1**, and which states: "if the application is amended to seek registration on the Principal Register under Trademark Act Section 2(f) or on the Supplemental Register, applicant will be required to continue to disclaim "WINE SCHOOL" because such wording appears to be generic in the context of applicant's goods and/or services."

2.    The Philly Wine School Registration Certificate obtained by KSWCO LLC on December 9, 2025 under Registration No. 8,055,977, which is printed from the USPTO website at https://tsdr.uspto.gov/documentviewer?caseId=sn98869526&docId=NFIN20250728153915&linkId=10#docIndex=0&page=1, and attached hereto as **Exhibit 2**, and which reflects the following disclaimer, as "required" above relative to **Exhibit 1**: "No claim is made to the exclusive right to use the following apart from the mark as shown: 'WINE SCHOOL.'"

3.    USPTO Registration Certificates containing disclaimers that no claim is made to the exclusive right to use "School" apart from the mark as shown on the registration certificate (*e.g.*, the AAA School of Trucking registration certificate includes the disclaimer that "No claim is made to the exclusive right to use the following apart from the mark as shown: "SCHOOL OF TRUCKING'), collected from the USPTO website at tsdr.uspto.gov (and entering the application serial number or registration number into the box on that website to see the list of documents available) and attached hereto as **Exhibit 3**.

4.    USPTO Office Action Official Letters corresponding to each of the USPTO Registration Certificates attached in Exhibit 3, collected from the USPTO website at tsdr.uspto.gov (and entering the application serial number or registration number into the box on that website to see the list of documents available) and attached hereto as **Exhibit 4**.

Federal Rule of Evidence 201(b) authorizes the Court to take judicial notice of any material that is "not subject to a reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Courts within the Third Circuit have ruled that information and documents posted on publicly available websites—and, specifically publicly available in the USPTO's public files—are subject to judicial notice. *Theia Techs. LLC v. Theia Grp., Inc*, No. 20-97, 2021 WL 291313, at *9 (E.D. Pa. Jan. 28, 2021) ("The Court takes judicial notice of Technologies' newly submitted Exhibits A, B, E, F, J, and K— all of which are from the U.S. Patent & Trademark Office's public files of [the] trademark applications at issue.") (citing Fed. R. Evid. 201(b)(2)). This Court may properly consider judicially noticed documents when ruling on Plaintiff's Motion for Preliminary Injunction. *Id.* ("Judicial notice may be taken at any stage of a proceeding, provided it is not unfair to the party").

Here, it is not subject to reasonable dispute that the USPTO took the position that the term "Wine School" is generic and thus needs to be disclaimed (**Exhibit 1**), or that the Philly Wine School Registration Certificate obtained by KSWCO LLC reflects such a disclaimer (**Exhibit 2**)— or that the USPTO has taken similar positions in other cases that the term "School" is generic or descriptive for other marks used with educational services (**Exhibits 3-4**). This Court may take judicial notice and consider Exhibits 1 through 4 when ruling on Plaintiff's Motion for Preliminary Injunction because they are all publicly available on the USPTO website. The Third Circuit has stated that it is appropriate to take judicial notice of "information publicly available on government websites." *Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (taking judicial notice of articles and guidance posted on the Department of Homeland Security official website). Specifically in relation to the USPTO, the Third Circuit, *sua sponte* reviewing a Notice of Allowance published on the USPTO website, stated that courts "may take judicial notice of such public records." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 705 (3d Cir. 2004) (citing *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n. 27 (Fed. Cir. 1993); *Standard Havens Prods., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n. 3 (Fed. Cir. 1990)); *see also Foster v. Pitney Bowes Corp.*, No. 11-7303, 2013 WL 487196, at *1, n.4 (E.D. Pa. Feb. 8, 2013) ("In deciding this Motion, the Court will take judicial notice of publicly available records filed with the USPTO."), *supplemented*, No. 11-7303, 2013 WL 1500683 (E.D. Pa. Apr. 12, 2013), *and aff'd*, 549 F. App'x 982 (Fed. Cir. 2013). Other cases within the Third Circuit have also held that decisions, letters, and policies by government agencies are judicially noticeable. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) (explaining "letter decisions of government agencies" and "published reports of administrative bodies" are noticeable); *see also Comite De Apoyo A Los Trabajadores Agricolas v. Solis*, No. 09-240, 2010 WL 3431761, at *26 (E.D. Pa. Aug. 30, 2010) (granting motion to take judicial notice of a government agencies policies and guidance letters along with other publicly-available information on government websites).

Accordingly, Plaintiff respectfully requests that the Court consider and take judicial notice of Exhibits 1 through 4 when ruling on Plaintiff's Motion for Preliminary Injunction.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Dated: March 25, 2026

/s/ *Brian T. Feeney*
Brian T. Feeney, Esq.
1717 Arch Street, Suite 400
Philadelphia, PA 19103
brian.feeney@gtlaw.com

Ian C. Ballon, Esq. (admitted *Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
ballon@gtlaw.com

Barry Horwitz, Esq. (admitted *Pro Hac Vice*)
Marc Trachtenberg, Esq. (admitted *Pro Hac Vice*)
Molly Carr, Esq. (admitted *Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**
360 North Green Street, Suite 1300
Chicago, IL 60607
barry.horwitz@gtlaw.com
trachtenbergm@gtlaw.com
carrm@gtlaw.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of March, 2026, I electronically filed the foregoing Request for Judicial Notice using the CM/ECF System which will send notification of such filing to all counsel of record.

/s/ *Brian T. Feeney*

Brian T. Feeney, Esq.
